UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-02004

Naomi and Mark Chagnon,

    Plaintiffs,

v.

Admin Recovery LLC,

    Defendant.

## COMPLAINT

For this Complaint, Plaintiffs, Naomi and Mark Chagnon, by undersigned counsel, state as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff Naomi Chagnon (hereafter "Naomi"), is an adult individual residing in Fort Collins, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Plaintiff Mark Chagnon (hereafter "Mark," together with Naomi, "Plaintiffs"), is an adult individual residing in Fort Collins, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Admin Recovery LLC ("Admin"), is a New York business entity with an address of 5930 Main Street, Williamsville, New York 14221, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. Mark allegedly incurred a financial obligation (the "Debt") to Fred Mayor Jewelers (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Admin for collection, or Admin was employed by the Creditor to collect the Debt.

9. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Admin Engages in Harassment and Abusive Tactics

10. On or about September 3, 2015, Mark spoke with Admin for the first time regarding the Debt. At that time, Mark told Admin that he would call Admin the following week to discuss repaying the Debt.

11. The following day, Admin called Naomi to obtain contact information for Mark, despite having spoken with Mark the previous day.

12. Mark immediately contacted Admin and asked it to stop calling Naomi.

13. Nevertheless, Admin called Naomi again that same day and told her that Mark shouldn't complain because then Admin wouldn't talk to him.

14. In addition, on or about September 8, 2015 Mark informed Admin that he was

being represented by an attorney and asked Admin to cease placing calls to him.

15. Nevertheless, Admin called Plaintiff again later that day.

### C. **Plaintiffs Suffered Actual Damages**

16. Plaintiffs have suffered and continue to suffer actual damages as a result of Defendant's unlawful conduct.

17. As a direct consequence of Defendant's acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
## 15 U.S.C. § 1692, *et seq.*

18. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants' conduct violated 15 U.S.C. § 1692b in that Defendants contacted Naomi for a purpose other than to confirm or correct location information.

20. Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted Mark despite knowing that he was represented by an attorney.

21. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with collection of the Debt.

22. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Naomi in telephone conversations with the intent to annoy and harass Naomi.

23. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

25. Plaintiffs are entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that judgment be awarded in their favor and against Defendant as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 14, 2015

Respectfully submitted,

By  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.co
*Attorneys for Plaintiffs*

Plaintiffs:
Naomi and Mark Chagnon
857 Campfire Drive
Fort Collins, CO, 80524