IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02004-PAB-CBS

NAOMI CHAGNON and
MARK CHAGNON,

    Plaintiffs,

v.

ADMIN RECOVERY LLC,

    Defendant.

_____

# ORDER
_____

**Entered by Judge Philip A. Brimmer**

    Pursuant to the plaintiffs' Notice of Withdrawal of Complaint and Voluntary Dismissal of Action With Prejudice [Docket No. 16] (the "Notice"), this case is dismissed with prejudice in its entirety. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). The Notice states that "[t]he Court will retain jurisdiction to enforce the terms of the settlement agreement." Docket No. 16 at 1. Although plaintiffs are free to dismiss this action without a court order, plaintiffs' statement regarding the Court's continued jurisdiction has no legal effect. The parties have not attached the settlement agreement or asked the Court to approve it. A district court may retain jurisdiction over a case to enforce the terms of a settlement agreement provided that the order of dismissal shows an intent to retain jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994). However, "[e]xcept in extraordinary circumstances, the Court will not retain jurisdiction . . . over cases that have been settled. . . . Any motion or stipulation for dismissal requesting that the Court retain jurisdiction after dismissal shall explain in detail the extraordinary circumstances necessitating such an approach." Practice Standards (Civil Cases), Judge Philip A. Brimmer § I.H.5. The parties do not identify any extraordinary circumstances   "[T]he parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, in the court's discretion, be one of the terms set forth" in a dismissal order, but "[a]bsent such action . . . enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen,* 511 U.S. at 382. The Court declines to exercise continuing jurisdiction over this matter.

    DATED April 21, 2016.